984

LaTourette & Rebman, St. Louis Mo., for plaintiff.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Wm. H. Orrick, Jr., Asst. Atty. Gen., for United States.

Robert W. Ginnane, Gen. Counsel, and Thomas H. Ploss, Atty., Washington, D. C., for Interstate Commerce Commission.

Before MATTHES, Circuit Judge, and HARPER and REGAN, District Judges.

HARPER, District Judge.

This action was brought under 28 U.S. C.A. §§ 1336 and 2284 by the United Van Lines, Inc. (hereinafter referred to as United) to set aside an order of the Interstate Commerce Commission (hereinafter referred to as the ICC or Commission), dated February 26, 1964, filed as United Van Lines, Inc., Alaska Grandfather Ap-

**UNITED VAN LINES, INC., Plaintiff,**
v.
**UNITED STATES of America and Interstate Commerce Commission,**
**Defendants.**

**No. 64C 174(1).**

United States District Court
E. D. Missouri, E. D.

Dec. 15, 1965.

plication, Docket Number MC 67234, and decided as Mollerup Van Lines, Alaska Grandfather Application, Docket Number MC 1931 (Sub-Part 5), 95 MCC 338. Pursuant to 28 U.S.C.A. § 2325 the matter was heard before a three-judge court.

The basis of the dispute between the parties rests upon the claim of the plaintiff that it has been engaged in substantial operations to and from the Territory of Alaska prior to and subsequent to the so-called "critical date" of the "grandfather clause" of 49 U.S.C.A. § 306(a) (4). The "critical date" is August 26, 1958. Because of these operations the plaintiff alleges that the order of the Commission denying it a certificate of convenience and necessity was erroneous.

An appeal from the same order of the Commission has been decided in Andrews Van Lines, Inc. v. United States, 240 F. Supp. 763 (D.C.Neb., 1965); aff'd per curiam, 382 U.S. 67, 86 S.Ct. 234, 15 L. Ed.2d 144 (Nov. 9, 1965). The court in the Andrews case discussed in detail the problems that are before this court, and in a very well reasoned opinion held that only the actual overland operations of the applicants were to be considered by the ICC in determining whether the applicant qualified within the terms of 49 U.S.C.A. § 306(a) (4).

■ The scope of our review of the Commission's order is limited to a determination, upon the whole record, of whether the Commission's findings are supported by substantial evidence and are in accordance with the law. If so, then the order must be upheld. ICC v. L. & N. RR., 227 U.S. 88, 94, 33 S.Ct. 185, 57 L.Ed. 431 (1913); Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1950).

The record of the proceedings before the ICC show that overland operations were conducted by United from July 29, 1957, to February 9, 1959, and that no overland operations have been conducted since. There was a total of thirty of these overland shipments, but these shipments involved only six trips during this period. By way of an aside, Exhibit 63, Attachment VII–C, referred to in the transcript of the proceedings before the Commission does not coincide with the certified true copy of Exhibit 63, Attachment VII–C, filed with the court. The court, therefore, makes no reference to the exhibit and has considered only the transcript for determining facts with respect to overland operations. This is done to give United the benefit of the most favorable proof, since the exhibit shows no shipments to Alaska within the period proscribed by the terms of 49 U.S. C.A. § 306(a) (4).

Under a liberal construction of the statute to meet the requirements of the provisions in the "grandfather's clause" in regard to continuous operations the court cannot reasonably find that the six trips constitute any significant amount of traffic. There is a total lack of evidence regarding the specific dates of these six trips other than that they occurred between July 1957 and February 1959.

The decision of the Commission in discussing the applicants, including the plaintiff and excluding North American Van Lines, stated:

"Of the other applicants, only a few have established any significant amounts of overland operations to and from Alaska, and none have established such operations on *and continuously* since the statutory date." 95 MCC 338, 343.

Clearly, the plaintiff is not one of the "few".

■ The action of the Interstate Commerce Commission was supported by the substantial evidence presented before it.

This memorandum opinion is adopted by the court as the findings of fact and conclusions of law.

A judgment denying the relief sought by the plaintiff and dismissing the action will be entered forthwith by the clerk.